UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JABARI PETERSON | Crim. No. 3:13-cr-31 (JBA)<br><br>June 4, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On June 6, 2013, Defendant Jabari Peterson pled guilty [Doc. # 26] to possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  He was sentenced [Doc. # 53] on February 12, 2014 to 72 months' imprisonment.  Mr. Peterson now moves [Doc. # 59] for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.  For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence.  Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'"  *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)).  "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine

---

[1] These factors include:

whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

The Probation Office states [Doc. # 60] and the Government agrees [Doc. # 61], that Mr. Peterson is ineligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

Mr. Peterson's total offense level under the Sentencing Guidelines was originally 29.  Applying Amendment 782's two-level reduction yields an amended total level of 27, which when combined with Mr. Peterson's criminal history category of III, results in a sentencing range of 87 to 108 months' imprisonment.  However, because the Court departed downward, Mr. Peterson's current sentence is 72 months, below the bottom of the revised sentencing range.[2]  Because the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum

---

      (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
      (2) the need for the sentence imposed. . .;
      (3) the kinds of sentences available;
      (4) the kinds of sentence and the sentencing range established for. . .;
      (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
      (7) the need to provide restitution to any victims of the offense.

[2] The Guidelines range for Mr. Peterson was originally 108 to 135 months' imprisonment, but the Court departed downward, imposing a sentence of 72 months because of the "cocaine base-powder disparity" and Mr. Peterson's "prior drug trafficking sentence (3–5 years)." (Stmt. of Reasons [Doc. # 60-3] at 3.)

of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), Mr. Peterson is not eligible for a reduction in his sentence under § 3582. Accordingly, his Motion [Doc. # 59] to Reduce Sentence is DENIED.

                                        IT IS SO ORDERED.
                                        /s/
                                        Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 4th day of June, 2015.